Filed 6/28/23  P. v. Peart CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDRE PEART,<br><br>    Defendant and Appellant. | D081408<br><br><br>(Super. Ct. No. SCD130683) |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed.

Andre Peart, in pro. per.; and Mary Woodward Wells, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1997, Andre Peart pleaded guilty to possession of a firearm by a felon (Pen. Code,[1] § 12021, subd. (a)(1); count 1); unlawful taking of a vehicle (Veh. Code, § 10851; count 2); and receiving stolen property (§ 496; count 3).

---

1      All further statutory references are to the Penal Code unless otherwise specified.

Peart admitted two prison priors (§ 667.5, subd. (b)) and two strike priors
(§ 667, subds. (b)-(i)).  The court sentenced Peart to a total term of 52 years to
life based on the admission of two prior strikes.

Peart appealed and this court affirmed the judgment in an unpublished
opinion.  (*People v. Peart* (Feb. 11, 1999, D031048).)

In 2022, Peart petitioned for resentencing under Proposition 47 and
Senate Bill No. 483.  The court conducted a resentencing hearing.  At the
conclusion of the hearing, the court struck the two prison priors pursuant to
section 1172.75.  The court also found count 2 could no longer be sentenced as
a third strike offense.  The court denied the motion under *People v. Superior
Court (Romero)* (1996) 13 Cal.4th 497.  The court reduced the sentenced to
25 years to life for count 1 plus four years for count 2.

Peart filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979)
25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any
arguable issues for reversal on appeal.  Counsel asks the court to
independently review the record for error as mandated by *Wende.*  We offered
Peart the opportunity to file his own brief on appeal.  Peart has responded by
filing a supplemental brief.  We will discuss his submission later in this
opinion.

This appeal does not raise any issues about the facts of the offenses to
which Peart has pleaded guilty.  Accordingly, we will omit a statement of
facts.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks
the court to independently review the record for error.  To assist the court in
its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738

(*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal:  Whether the trial court abused its discretion in denying the motion to strike at least one of the "strike" priors as to count 1.

In his supplemental brief, Peart makes a general complaint about the materials considered by the trial court in ruling on the petition for resentencing.  He argues the information is old and inaccurate and should not have been considered.  Based on our review of the record, Peart's complaints do not raise any arguable issues for reversal on appeal.

We have reviewed the record as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Peart on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.